# EXHIBIT A

ELECTRONICALLY FILED - 2022 Aug 25 12:15 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) IN THE COURT OF COMMON PLEAS |
| | ) FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY | ) CASE NO.: 2022-CP-26-_____ |
| | ) |
| Chad Reier, Christopher Craig, Alicia | ) |
| Bazonski, Shenika Anderson, Paris | ) |
| Chapman, Deanna Chavis, | ) |
| | ) |
| PLAINTIFFS, | ) |
| | ) |
| vs. | ) |
| | ) |
| LuLu's Myrtle Beach, LLC d/b/a Lucy | ) |
| Buffett's LuLu's, and d/b/a LuLu's North | ) |
| Myrtle Beach, Lucy Buffett, individually, | ) **SUMMONS** |
| George Martin, individually, Gerald Tipton, | ) **JURY TRIAL DEMANDED** |
| individually, Cheryl Coesens, individually, | ) |
| Vanessa Owens, individually, Robin Hinton, | ) |
| individually, Douglas "Todd" Goings, | ) |
| individually, and Tonya Clayton, | ) |
| individually, | ) |
| | ) |
| DEFENDANTS. | ) |

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your answer to the said Complaint on the subscriber or subscribers at their offices: William J. Luse, Esq. located at 917 Broadway Street, Myrtle Beach, SC 29577 and, Lisa Poe Davis, Esq. and Gene M. Connell, Jr. Esq. at Kelaher, Connell & Connor, P.C. located at the Courtyard, Suite 209, 1500 U.S. Highway 17 North, Surfside Beach, South Carolina 29587, within thirty (30) days after the service hereof; exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid; the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint and judgment by default will be rendered against you for the relief demanded in the Complaint.

Respectfully Submitted,

LAW OFFICE OF WILLIAM J. LUSE

*s/William J. Luse*

William J. Luse, Esq.
S.C. Bar No.: 72790
917 Broadway Street
Myrtle Beach, SC 29577
Phone: 843-839-4795
Fax: 843-839-4815
bill@getlusenow.com


KELAHER, CONNELL & CONNOR, P.C

*s/Lisa Poe Davis*

Lisa Poe Davis
S.C. Bar No.: 15251
Gene M. Connell, Jr., Esq.
S.C. Bar No.: 1358
Suite 209, The Courtyard
1500 U.S. Highway 17 North
P.O. Drawer 14547
Surfside Beach, SC 29587-4547
Phone: 843-238-5648
ldavis@classactlaw.net
Attorneys for Plaintiff

August 24, 2022
Surfside Beach, SC

ELECTRONICALLY FILED - 2022 Aug 25 12:15 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458

ELECTRONICALLY FILED - 2022 Aug 25 12:15 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458

STATE OF SOUTH CAROLINA          )          IN THE COURT OF COMMON PLEAS
                                 )          FIFTEENTH JUDICIAL CIRCUIT
COUNTY OF HORRY                  )          CASE NO.: 2022-CP-26-_____
                                 )
Chad Reier, Christopher Craig, Alicia   )
Bazonski, Shenika Anderson, Paris       )
Chapman, Deanna Chavis,                 )
                                 )
                                 )
           PLAINTIFFS,           )
                                 )
     vs.                         )
                                 )
LuLu's Myrtle Beach, LLC d/b/a Lucy     )
Buffett's LuLu's, and d/b/a LuLu's North )
Myrtle Beach, Lucy Buffett, individually, )          **COMPLAINT**
George Martin, individually, Gerald Tipton, )         **JURY TRIAL DEMANDED**
individually, Cheryl Coesens, individually, )
Vanessa Owens, individually, Robin Hinton, )
individually, Douglas "Todd" Goings,     )
individually, and Tonya Clayton,         )
individually,                    )
                                 )
           DEFENDANTS.           )
_____)

Plaintiffs, Chad Reier, Christopher Craig, Alicia Bazonski, Shenika Anderson, Paris

Chapman and Deanna Chavis complaining of the acts of Defendants Lulu's Myrtle Beach, LLC

d/b/a Lucy Buffett's Lulu's, and d/b/a Lulu's North Myrtle Beach, ("Lulu's"); Lucy Buffett,

individually, George Martin individually, Gerald Tipton, individually, Cheryl Coesens,

individually Vanessa Owens, individually Robin Hinton, individually, Douglas "Todd" Goings,

individually and Tonya Clayton, individually, (Lulu's Myrtle Beach, LLC d/b/a Lucy Buffett's

Lulu's, and d/b/a Lulu's North Myrtle Beach, Lucy Buffett, George Martin, Gerald Tipton, Cheryl

Coesens, Vanessa Owens, Robin Hinton, Douglas "Todd" Goings, and Tonya Clayton,

collectively "Defendants") allege as follows:

3

ELECTRONICALLY FILED - 2022 Aug 25 12:15 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458

## NATURE OF CLAIM

1. This action is brought as an action for payment of wages and for other relief under the South Carolina Payment of Wages Act, South Carolina Code Ann. § 41-10-10, et. seq. ("SCPWA").

## PARTIES, JURISDICTION, and VENUE

2. Plaintiff, Chad Reier is currently a resident of Norwood, North Carolina. At all times complained of herein, the Plaintiff was an employee of the Defendants as defined by SCPWA and was a citizen of and resident of Horry County, South Carolina.

3. Plaintiff, Christopher Craig is a citizen and resident of Horry County, South Carolina. At all times complained of herein, the Plaintiff was an employee of the Defendants as defined by SCPWA.

4. Plaintiff, Alicia Bazonski is currently a citizen of Ararat, North Carolina. At all times complained of herein, the Plaintiff was an employee of the Defendants as defined by SCPWA and was a citizen of and resident of Horry County, South Carolina.

5. Plaintiff, Shenika Anderson is a citizen and resident of Horry County, South Carolina. At all times complained of herein, the Plaintiff was an employee of the Defendants as defined by SCPWA.

6. Plaintiff, Paris Chapman is a citizen and resident of Horry County, South Carolina. At all times complained of herein, the Plaintiff was an employee of the Defendants as defined by SCPWA.

7. Plaintiff, Deanna Chavis is a citizen and resident of Horry County, South Carolina. At all times complained of herein, the Plaintiff was an employee of the Defendants as defined by SCPWA.

ELECTRONICALLY FILED - 2022 Aug 25 12:15 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458

8. Lulu's Myrtle Beach, LLC is a South Carolina limited liability company organized and existing pursuant to the laws of the State of South Carolina and maintaining offices and agents in Horry County, South Carolina. Lulu's Myrtle Beach, LLC is an employer of individuals and operates a restaurant and bar in Horry County, South Carolina, doing business as Lucy Buffett's Lulu's and/or doing business as Lulu's North Myrtle Beach. Further, at all times complained of herein Lulu's was the employer of the Plaintiff as defined by SCPWA.

9. Upon information and belief, Lucy Buffett is a citizen and resident of one of the states of the United States and is an owner and/or member and/or agent, and/or officer of Lulu's Myrtle Beach, LLC. Further, at all times complained of herein Lucy Buffett was the employer of the Plaintiff as defined by SCPWA.

10. Upon information and belief, George Martin is a citizen and resident of one of the states of the United States and is an owner and/or member and/or agent, and/or officer of Lulu's Myrtle Beach, LLC. Further, at all times complained of herein George Martin was the employer of the Plaintiff as defined by SCPWA.

11. Upon information and belief, Gerald Tipton is a citizen and resident of one of the states of the United States and is an owner and/or member and/or agent, and/or officer of Lulu's Myrtle Beach, LLC. Further, at all times complained of herein Gerald Tipton was the employer of the Plaintiff as defined by the SCPWA.

12. Upon information and belief, Cheryl Coesens is a citizen and resident of Horry County, South Carolina, and is the general manager of Lulu's Myrtle Beach, LLC, or otherwise is an agent of Lulu's.

ELECTRONICALLY FILED - 2022 Aug 25 12:15 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458

13. Upon information and belief, Vanessa Owens is a citizen and resident of Horry County, South Carolina, and was the general manager of Lulu's Myrtle Beach, LLC during certain periods during the times complained of herein, or otherwise was an agent of Lulu's.

14. Upon information and belief, Robin Hinton is a citizen and resident of Horry County, South Carolina, and was the general manager of Lulu's Myrtle Beach, LLC during certain periods during the times complained of herein, or otherwise was an agent of Lulu's.

15. Upon information and belief, Douglas "Todd" Goings is a citizen and resident of Horry County, South Carolina and was the general manager of Lulu's Myrtle Beach, LLC during certain periods during the times complained of herein, or otherwise was an agent of Lulu's.

16. Upon information and belief, Tonya Clayton, is a citizen and resident of Horry County, South Carolina and was the general manager of Lulu's Myrtle Beach, LLC during certain periods during the times complained of herein, or otherwise was an agent of Lulu's.

17. The events giving rise to this claim occurred primarily in Horry County, South Carolina and, therefore, this Court has jurisdiction over the parties and subject matter.

18. The work and pay records, including the "tip-out" reports, of Plaintiffs, are in the possession, custody, and/or control of Defendants, and Defendants are under a duty, pursuant to state law, to maintain and preserve such payroll and other employment records from which the amount of Defendants' liability can be ascertained. Plaintiffs request an order of this Court requiring Defendants to preserve such records during the pendency of this action.

19. Plaintiffs are informed and believe that the Defendants have policies and/or procedures whereby servers, server captains, bartenders and/or food runners are paid less than required under the SCPWA by the Defendants use of an unlawful tip credit scheme and an unlawful

ELECTRONICALLY FILED - 2022 Aug 25 12:15 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458

tip pooling scheme in violation of the SCPWA. In addition, Defendants did not pay Plaintiffs and/or other servers, server captains, bartenders, and food runners the lawful rate of wages due as provided under the SCPWA.

20. Each of the Plaintiffs' individual claims under the SCPWA are not in an amount that exceeds $74,999.00.

<u>FACTS</u>

21. Plaintiffs re-allege each and every allegation contained in the above paragraphs as if repeated verbatim.

22. Plaintiff Chad Reier was employed by "Lulu's" from approximately May of 2018 through May of 2019 as a bartender and as a supervisor from on or about June of 2019 through August of 2019.

23. Plaintiff Christopher Craig was employed by "Lulu's" from approximately April of 2021 through on or about August of 2021 as a server.

24. Plaintiff Alicia Bazonski was employed by "Lulu's" during the summer season in 2020, 2021 and 2022 as a server.

25. Plaintiff Shenika Anderson was employed by "Lulu's" from approximately May of 2019 through on or about July of 2020 as a server.

26. Plaintiff Paris Chapman was employed by "Lulu's" from approximately May of 2018 through on or about March of 2022 as a server, server captain, Front of the House Manager and Supervisor.

27. Plaintiff Deanna Chavis was employed by "Lulu's" from approximately March of 2019 through on or about September of 2020 as a server.

ELECTRONICALLY FILED - 2022 Aug 25 12:15 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458

28. Defendants paid Plaintiffs, and on information other servers and server captains of "Lulu's" a direct, or hourly, wage that violated the SCPWA by wrongfully taking a "Tip Credit" while requiring Plaintiffs and/or other servers and server captains to perform non-tip producing duties in excess of that allowed by law.

29. Plaintiffs, and/or other servers and server captains, would often work overtime for the Defendants particularly during the busy season which ran from early May until Labor Day weekend. Defendants violated the SCPWA when they did not pay Plaintiffs, and/or other servers and server captains who worked at "Lulu's" the lawful wages due.

30. Defendants had a policy that required Plaintiffs, and on information and belief, all servers, server captains, and bartenders to remit, from the tips they received a portion of their tips at the end of each shift into the mandatory Tip Pool.

31. Defendants had a policy that required Plaintiffs, and on information and belief, all servers,' server captains, and bartenders to remit, from the tips they received a portion of their tips at the end of each shift to supervisors, managers, and/or the "house."

32. Defendants had a policy that required Plaintiffs, and on information and belief, all servers, crew captains, lead servers, food runners, bar-backs, and bartenders, to perform non tip producing work, including, but not limited to, working in "Lulu's" kitchen or performing non tip producing duties such as deep cleaning while paying Plaintiffs and/or other servers, crew captains and bartenders of "Lulu's" at a rate that violated the SCPWA.

33. Defendants had a policy that required Plaintiffs, and on information and belief all bartenders, crew captain, servers, and lead servers to purchase "Lulu's" T-shirts from the Defendants despite the Defendants taking a Tip Credit and paying the Plaintiffs less than the lawful rate under the SCPWA for their work.

8

ELECTRONICALLY FILED - 2022 Aug 25 12:15 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458

## FOR A FIRST CAUSE OF ACTION
### (VIOLTION OF THE SOUTH CAROLINA PAYMENT OF WAGES ACT)

34. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if they were set forth herein verbatim.

35. Each Defendant is an "employer" as defined by the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10(1).

36. Defendants employed Plaintiffs and/or other bartenders, crew captains and servers within the State of South Carolina.

37. Plaintiffs worked for Defendants with the clear understanding and agreement with Defendants that their compensation would be consistent with all applicable laws, including state wage laws.

38. Plaintiffs had an employment agreement with Defendants whereby they would be paid wages for all hours he worked.

39. SCPWA § 41-10-10(2) defines wages as "all amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis, or other method of calculating the amount and includes vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract."

40. Money received by Plaintiffs as tips were "wages" as defined by SCPWA, § 41-10-10(2).

41. Pursuant to SCPWA § 41-10-40(c) an employer shall not withhold or divert any portion of the employee's wages unless the employer is required or permitted to do so by state law.

42. Defendants illegally deducted amounts from the wages of Plaintiffs and upon information and belief, all other servers, crew captains, lead servers and bartenders in violation of the SCPWA.

ELECTRONICALLY FILED - 2022 Aug 25 12:15 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458

43. Defendants owe Plaintiffs and/or other bartenders, crew captains, lead servers and servers who worked at "Lulu's" the tips that were illegally deducted from their wages.

44. Defendants owe Plaintiffs and/or other bartenders, crew captains, lead servers and servers who worked at "Lulu's" at least the minimum lawful amount as provided under the SCPWA for all hours that they worked.

45. Plaintiffs, and upon information and belief other bartenders, crew captains, lead servers and servers were not paid all wages due by Defendants as required by 40-10-40(D).

46. Plaintiffs, and upon information and belief, other bartenders, crew captains, lead servers and servers were not paid all wages due because Plaintiffs were not paid properly under the SCPWA, and because Plaintiffs and or other employees incurred expenses for the benefit of the Defendants, and they had improper deductions taken from their wages and tips.

47. Defendants owe Plaintiffs and/or other servers, crew captains, lead servers, bus-boys, bar-backs and bartenders of "Lulu's" for any amounts charged to them for the purchase of T-shirts or aprons.

48. Defendants' actions were willful, and Defendants have no good faith reason why they took these actions.

49. Pursuant to S.C. Code § 41-10-80(c), Plaintiffs and/or other servers, crew captains, lead servers and bartenders who worked at "Lulu's are entitled to recover in this action an amount equal to three times the full amount of their deducted wages, as outlined above, plus costs and reasonable attorneys' fees.

WHEREFORE, having fully set forth their allegations against Defendants, Plaintiffs pray for all of the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the SCWPA;

b.  An order of this Court requiring Defendants to preserve all payroll records and other employment records during the pendency of this action.

c.  Actual damages in the amount of wages due under SCPWA;

d.  Treble damages pursuant to SCPWA;

e.  Reasonable attorney's fees and costs;

f.  Such further relief as the Court deems just and proper.

ELECTRONICALLY FILED - 2022 Aug 25 12:15 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458

Respectfully Submitted,

**LAW OFFICE OF WILLIAM J. LUSE**

*s/William J. Luse*

William J. Luse, Esq.
S.C. Bar No.: 72790
917 Broadway Street
Myrtle Beach, SC 29577
Phone: 843-839-4795
Fax: 843-839-4815
bill@getlusenow.com

**KELAHER, CONNELL & CONNOR, P.C**

*s/Lisa Poe Davis*

Lisa Poe Davis
S.C. Bar No.: 15251
Gene M. Connell, Jr., Esq.
S.C. Bar No.: 1358
Suite 209, The Courtyard
1500 U.S. Highway 17 North
P.O. Drawer 14547
Surfside Beach, SC 29587-4547
Phone: 843-238-5648
ldavis@classactlaw.net
Attorneys for Plaintiff

August 24, 2022
Myrtle Beach, SC

ELECTRONICALLY FILED - 2022 Aug 25 12:15 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458

# EXHIBIT B

STATE OF SOUTH CAROLINA          )     IN THE COURT OF COMMON PLEAS
                                 )     FIFTEENTH JUDICIAL CIRCUIT
COUNTY OF HORRY                  )     CASE NO.: 2022-CP-26-05458
                                 )
Chad Reier, Christopher Craig, Alicia  )
Bazonski, Shenika Anderson, Paris      )
Chapman, Deanna Chavis,                )
                                 )
            PLAINTIFFS,          )
                                 )
      vs.                        )
                                 )
LuLu's Myrtle Beach, LLC d/b/a Lucy    )
Buffett's LuLu's, and d/b/a LuLu's North  )
Myrtle Beach, Lucy Buffett, individually,  )     **ACCEPTANCE OF SERVICE**
George Martin, individually, Gerald Tipton,  )
individually, Cheryl Coesens, individually,  )
Vanessa Owens, individually, Robin Hinton,  )
individually, Douglas "Todd" Goings,   )
individually, and Tonya Clayton,       )
individually,                    )
                                 )
            DEFENDANTS.          )
_____ )

The undersigned, Phillip E. Reeves, Esquire, as Attorney for the Defendants in the above

captioned action, hereby accepts and acknowledges personal service on all Defendants by email

of the Summons & Complaint this _____ day of ___September___, 2022.

_____
Phillip E. Reeves, Esquire
Gallivan White & Boyd, PA
PO Box 10589
Greenville, SC 29603
(864) 271-9580
preeves@gwblawfirm.com

# EXHIBIT C

ELECTRONICALLY FILED - 2022 Oct 11 6:16 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458



| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF HORRY | ) | FIFTEENTH JUDICIAL CIRCUIT |

)

CA No.: 2022-CP-26-05458

Chad Reier, Christopher Craig, Alicia Bazonski, Shenika Anderson, Paris Chapman, Deanna Chavis,

Plaintiffs,

vs.

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**

LuLu's Myrtle Beach, LLC d/b/a Lucy Buffett's LuLu's, and d/b/a LuLu's North Myrtle Beach, Lucy Buffett, individually, George Martin, individually, Gerald Tipton, individually, Cheryl Coesens, individually, Vanessa Owens, individually, Robin Hinton, individually, Douglas "Todd" Goings, individually, and Tonya Clayton, individually,

(Jury Trial Requested)

Defendants.

The Defendants, LuLu's Myrtle Beach, LLC d/b/a Lucy Buffett's LuLu's and d/b/a LuLu's North Myrtle Beach, Lucy Buffett, individually, George Martin, individually, Gerald Tipton, individually, Cheryl Coesens, individually, Vanessa Owens, individually, Robin Hinton, individually, Douglas "Todd" Goings, individually, and Tonya Clayton, individually ("LuLu's" or "Defendants"), by and through their undersigned counsel, answering the Plaintiffs' Complaint, would respectfully allege and show unto the court as follows:

**AS TO THE PARTIES**

1.    The Defendants admit only the allegations contained in Paragraph 1 of the Complaint as allege that Plaintiffs seek to bring this claim for payment of wages and other relief under the South Carolina Payment of Wages Act; however, Defendants assert Plaintiffs have also pled claims under the Fair Labor Standards Act by alleging that Plaintiffs and other servers or

ELECTRONICALLY FILED - 2022 Oct 11 6:16 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458

bartenders are paid less than the lawful wages due.  Defendants deny that Plaintiffs are entitled to relief under either the FLSA or the South Carolina Payment of Wages Act.

2.     Defendants admit that Plaintiff Chad Reier was an employee of Defendant LuLu's Myrtle Beach, LLC; however, Defendants lack sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of the Complaint and therefore deny the remaining allegations contained in Paragraph 2 of the Complaint.

3.     Defendants admit that Plaintiff Christopher Craig was an employee of Defendant LuLu's Myrtle Beach, LLC; however, Defendants lack sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the Complaint and therefore deny the remaining allegations contained in Paragraph 3 of the Complaint.

4.     Defendants admit that Plaintiff Alicia Bazonski was an employee of Defendant LuLu's Myrtle Beach, LLC; however, Defendants lack sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of the Complaint and therefore deny the remaining allegations contained in Paragraph 4 of the Complaint.

5.     Defendants admit that Plaintiff Shenika Anderson was an employee of Defendant LuLu's Myrtle Beach, LLC; however, Defendants lack sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of the Complaint and therefore deny the remaining allegations contained in Paragraph 5 of the Complaint.

6.     Defendants admit that Plaintiff Paris Chapman was an employee of Defendant LuLu's Myrtle Beach, LLC; however, Defendants lack sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of the Complaint and therefore deny the remaining allegations contained in Paragraph 6 of the Complaint.

ELECTRONICALLY FILED - 2022 Oct 11 6:16 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458

7.    Defendants admit that Plaintiff Deanna Chavis was an employee of Defendant LuLu's Myrtle Beach, LLC; however, Defendants lack sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Complaint and therefore deny the remaining allegations contained in Paragraph 7 of the Complaint.

8.    Defendants deny so much of the allegations of paragraph 8 of the Complaint as allege that LuLu's ever went by the legal name "Lucy Buffett's LuLu's". However, they admit the remaining allegations of paragraph 9 of the Complaint.

9.    Defendants admit the allegations contained in paragraph 9 of the Complaint.

10.    Defendants admit so much of the allegations contained in paragraph 10 of the Complaint as allege that George Martin is a citizen and resident of one of the states of the United States. Defendants deny the remaining allegations contained in paragraph 10 of the Complaint.

11.    Defendants admit the allegations contained in paragraph 11 of the Complaint.

12.    Defendants deny the allegations contained in paragraph 12 of the Complaint.

13.    Defendants deny so much of the allegations of paragraph 13 of the Complaint as allege that Vanessa Owens is a citizen and resident of Horry County, South Carolina. Defendants admit so much of the allegations of paragraph 13 of the Complaint as allege that Vanessa Owens was the general manager of Lulu's Myrtle Beach, LLC during certain periods of time complained of in the Complaint and was an agent of Lulu's at certain times. Defendants deny that Vanessa Owens was the general manager of Lulu's Myrtle Beach, LLC or that she was an agent of Lulu's at all times complained in the Complaint.

14.    Defendants deny so much of the allegations of paragraph 14 of the Complaint as allege that Robin Hinton is a citizen and resident of Horry County, South Carolina. Defendants admit so much of the allegations of paragraph 14 of the Complaint as allege that Robin Hinton

ELECTRONICALLY FILED - 2022 Oct 11 6:16 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458

was the general manager of Lulu's Myrtle Beach, LLC during certain periods of time complained of in the Complaint and was an agent of Lulu's at certain times. Defendants deny that Robin Hinton was the general manager of Lulu's Myrtle Beach, LLC or an agent of Lulu's at all times complained of in the Complaint.

15.    Defendants admit so many of the allegations of paragraph 15 of the Complaint as allege that Douglas "Todd" Goings is a citizen and resident of Horry County, South Carolina and was the general manager of Lulu's Myrtle Beach, LLC during certain periods of time complained of in the Complaint and was an agent of Lulu's at certain times. Defendants deny that Douglas "Todd" Goings was the general manager of Lulu's Myrtle Beach, LLC or an agent of Lulu's at all times complained of in the Complaint.

16.    Defendants admit so many of the allegations of paragraph 1t of the Complaint as allege that Tonya Clayton is a citizen and resident of Horry County, South Carolina and was the general manager of Lulu's and an agent of Lulu's during certain periods of time complained of in the Complaint. Defendants deny that Tonya Clayton was general manager and/or an agent of Lulu's at all periods of time complained of in the Complaint.

17.    Defendants allege that the allegations of paragraph 17 of the Complaint pertaining to personal and subject matter jurisdiction state legal conclusions to which no response is necessary from them. Should a response be necessary, the Defendants admit the allegations contained in Paragraph 17 of the Complaint as allege that this court has jurisdiction over the parties and subject matter. Defendants deny the remaining allegations of paragraph 18 of the Complaint.

18.    Defendants admit the allegations contained in Paragraph 18 of the Complaint as allege that the work and pay records, including any "tip-out" reports, of the Plaintiffs are in the possession, custody, and/or control of Defendants and further admit that Defendants have a duty

ELECTRONICALLY FILED - 2022 Oct 11 6:16 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458

to maintain and preserve such payroll and other employment records. To the extent a response is required to Plaintiffs' request that this court issue an order requiring Defendants to preserve such records during the pendency of this case, Defendants deny that such an order is needed because Defendant Lucy Buffett's LuLu's will agree to preserve such records during the pendency of this action. The Defendants deny the remaining allegations of paragraph 18 of the Complaint.

19.     Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20.     To the extent the Plaintiffs have any damages, which the Defendants deny, the Defendants admit the allegations of Paragraph 20 of the Complaint which allege that the individual claims are not an amount that exceeds $74,999.00 per person.

21.     Insofar as the allegations of Paragraph 21 of the Complaint require a response from them, the Defendants reallege and incorporate herein by reference their responses to the allegations of paragraphs 1 – 20, above.

22.     Defendants admit so much of the allegations contained in Paragraph 22 of the Complaint as allege that Plaintiff Chad Reier was employed by Defendant Lulu's from approximately May 2018 and that he worked in various positions including as a bartender and as a supervisor. Defendants deny the remaining allegations contained in Paragraph 22 of the Complaint.

23.     Defendants admit the allegations contained in Paragraph 23 of the Complaint.

24.     Defendants admit the allegations contained in Paragraph 24 of the Complaint.

25.     Defendants admit so much of the allegations contained in Paragraph 25 of the Complaint as allege that Plaintiff Shenika Anderson was employed by Defendant Lulu's as a server beginning in or about May 2019. Defendants deny the remaining allegations contained in Paragraph 25 of the Complaint.

ELECTRONICALLY FILED - 2022 Oct 11 6:16 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458

26.     Defendants admit so much of the allegations contained in Paragraph 26 of the Complaint as allege that Plaintiff Paris Chapman was employed by Defendant Lulu's in various positions including server, server captain, Front of the House Manager, and Supervisor beginning in 2018 with her last day of employment in March 2022.   Defendants deny the remaining allegations contained in Paragraph 26 of the Complaint.

27.     Defendants admit so much of the allegations contained in Paragraph 27 of the Complaint as alleged that Plaintiff Deanna Chavis was employed as a server by Defendant Lulu's. Defendants deny the remaining allegations of Paragraph 27 of the Complaint.

28.     Defendants admit the allegations contained in Paragraph 28 of the Complaint as allege that Defendant LuLu's legally took a "Tip Credit" as allowed by the provisions of the Fair Labor Standards Act; however, Defendants deny the remaining allegations contained in Paragraph 30 of the Complaint.

29.     Defendants admit so many of the allegations contained in Paragraph 29 of the Complaint as allege that on occasion Plaintiffs worked overtime for Defendant LuLu's. Defendants deny the remaining allegations contained in Paragraph 29 of the Complaint.

30.     Defendants admit so many of the allegations contained in Paragraph 30 of the Complaint as allege that Defendant LuLu's had a policy, pursuant to the terms of the Fair Labor Standards Act, requiring servers and bartenders to remit a portion of their tips into a Tip Pool. Defendants deny the remaining allegations contained in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations of Paragraph 31 of the Complaint.

32.     Defendants admit so many of the allegations contained in Paragraph 32 of the Complaint as allege that Defendant LuLu's required Plaintiffs to work in Defendant LuLu's kitchen or to perform other non-tipping duties for a limited amount of time, as allowed by the

ELECTRONICALLY FILED - 2022 Oct 11 6:16 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458

provisions of the Fair Labor Standards Act.   Defendants deny the remaining allegations of Paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of the Complaint.

## AS TO THE SOUTH CAROLINA PAYMENT OF WAGES ACT AND INDIVIDUAL AND CLASS ACTION

34.     Insofar as the allegations of Paragraph 34 of the Complaint require a response from them, the Defendants reallege and incorporate herein by reference their responses to the allegations of paragraphs 1 – 33, above.

35.     The Defendants admit so many of the allegations contained in Paragraph 35 of the Complaint as allege that LuLu's Myrtle Beach, LLC was an employer as defined by the South Carolina Payment of Wages Act.  However, they deny the remaining allegations contained in Paragraph 35 of the Complaint as allege that "each Defendant" is an "employer" as defined by the South Carolina Payment of Wages Act.

36.     The Defendants admit so many of the allegations contained in Paragraph 36 of the Complaint as allege that Defendant LuLu's employed Plaintiffs within the State of South Carolina.

37.     Defendants admit so many of the allegations contained in Paragraph 37 of the Complaint as allege that Plaintiffs worked for Defendant "LuLu's" with the understanding and agreement that their compensation would be consistent with all applicable laws.

38.     The Defendants lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint due to the vagueness and lack of specificity of the allegations and, therefore, deny same.

39.     Paragraph 39 of the Complaint quotes, in part, the provisions of the South Carolina Payment of Wages Act § 41-10-10(2).  Therefore, a response is not required to Paragraph 41 of

ELECTRONICALLY FILED - 2022 Oct 11 6:16 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458

the Complaint. To the extent that a response is necessary from the Defendants, they admit that the quote in paragraph 39of the Complaint is accurate.

40.    Defendants allege that the allegations contained in Paragraph 40 of the Complaint state legal conclusions to which no response is necessary.

41.    Paragraph 41 of the Complaint quotes, in part, the provisions of the South Carolina Payment of Wages Act § 41-10-40(c). Therefore, a response is not required to Paragraph 41 of the Complaint.

42.    Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.    Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.    Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45.    Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46.    Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47.    Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48.    Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49.    Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.    In response to Plaintiff's "WHEREFORE" section, Defendants deny that Plaintiffs are entitled to any of the relief requested therein or any other relief whatsoever, and demand strict proof thereof.

51.    The Defendants deny each and every allegation of the Complaint not hereinabove specifically admitted, explained or modified.

### FOR A FIRST DEFENSE

52.    Defendants incorporate herein the allegations of their previous defenses which are consistent with this defense.

ELECTRONICALLY FILED - 2022 Oct 11 6:16 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458

53.    Plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.

### FOR A SECOND DEFENSE

54.    Defendants incorporate herein the allegations of their previous defenses which are consistent with this defense.

55.    Defendants assert that any claim for unpaid minimum wage or overtime pay and/or liquidated damages which accrued more than two (2) years before this action was commenced, is time-barred by the statute of limitations contained in Section 6 of the Portal-To-Portal Act of 1947 because Defendants did not willfully (or otherwise) violate the FLSA, 29 U.S.C. § 255.   In addition, the claims of the Plaintiffs are subject to the absolute three-year statute of limitations set forth in 29 U.S.C. § 255.

### FOR A THIRD DEFENSE

56.    Defendants incorporate herein the allegations of their previous defenses which are consistent with this defense.

57.    Plaintiffs' claims are barred or reduced by payment or by accord and satisfaction.

### FOR A FOURTH DEFENSE

58.    Defendants incorporate herein the allegations of their previous defenses which are consistent with this defense.

59.    Plaintiffs' claims are limited by Plaintiffs' failure to mitigate or otherwise act to avoid and reduce harm.

### FOR A FIFTH DEFENSE

60.    Defendants incorporate herein the allegations of their previous defenses which are consistent with this defense.

ELECTRONICALLY FILED - 2022 Oct 11 6:16 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458

61.    Defendants have paid Plaintiffs all sums legally due to them.

## FOR A SIXTH DEFENSE

62.    Defendants incorporate herein the allegations of their previous defenses which are consistent with this defense.

63.    Any alleged violations of the FLSA, which Defendants deny, were preliminary to or after the Plaintiffs' principal activities and barred by Section 4 of the Portal-To-Portal Act of 1947, 29 U.S.C. § 254.

## FOR A SEVENTH DEFENSE

64.    Defendants incorporate herein the allegations of their previous defenses which are consistent with this defense.

65.    Plaintiffs may not seek recovery of wages for time that was not compensable work under the FLSA.

## FOR AN EIGHTH DEFENSE

66.    Defendants incorporate herein the allegations of their previous defenses which are consistent with this defense.

67.    None of the actions by Defendants which Plaintiffs allege in support of their claims, which Defendants deny as applicable, was "willful" as defined by the FLSA or in any respect whatsoever.

## FOR A NINTH DEFENSE

68.    Defendants incorporate herein the allegations of their previous defenses which are consistent with this defense.

69.    Defendants acted in good faith based upon reasonable grounds in the manner in which they paid Plaintiffs, including but not limited to good faith conformity with, and reliance

ELECTRONICALLY FILED - 2022 Oct 11 6:16 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458

upon, written administrative regulations, orders, rulings, approvals, and/or interpretations of the administrator of the Wage & Hour Division of the U.S. Department of Labor, and/or administrative practices for enforcement policies of said Administrator, and the provision of the South Carolina Payment of Wages Act.

### FOR A TENTH DEFENSE

70.    Defendants incorporate herein the allegations of their previous defenses which are consistent with this defense.

71.    Any alleged violations of either the South Carolina Payment of Wages Act or the FLSA, which Defendants deny, were inadvertent, accidental and/or based upon Defendants' good faith understanding about the requirements of the South Carolina Payment of Wages Act and the FLSA.

### FOR AN ELEVENTH DEFENSE

72.    Defendants incorporate herein the allegations of their previous defenses which are consistent with this defense.

73.    Defendants assert the defenses of estoppel, release, laches, unclean hands, and/or waiver with respect to the claims of the Plaintiffs.

### FOR A TWELFTH DEFENSE

74.    Defendants incorporate herein the allegations of their previous defenses which are consistent with this defense.

75.    The State law claims of the Plaintiffs are barred to the extent they are preempted by the FLSA.

ELECTRONICALLY FILED - 2022 Oct 11 6:16 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458

### FOR A THIRTEENTH DEFENSE

76.    Defendants incorporate herein the allegations of their previous defenses which are consistent with this defense.

77.    The claims of the Plaintiffs are barred and/or reduced by the appropriate exemptions, wage deductions and/or allowable set-offs or credits provided for under the FLSA.

### FOR A FOURTEENTH DEFENSE

78.    Defendants incorporate herein the allegations of their previous defenses which are consistent with this defense.

79.    The Plaintiffs may not recover treble damages or liquidated damages because:

(i)    Defendants acted reasonably and in good faith;

(ii)    Defendants did not commit any willful violation of any of the provisions of the FLSA;

(iii)    Defendant did not commit any violations of the South Carolina Payment of Wages Act;

(iv)    Defendants did not authorize or ratify any willful violation with respect to Plaintiffs; and

(v)    Plaintiffs have failed to plead facts sufficient to recover such damages.

### FOR A FIFTEENTH DEFENSE

80.    Defendants incorporate herein the allegations of their previous defenses which are consistent with this defense.

81.    The Plaintiffs are not entitled to compensation for hours they purportedly worked without Defendants' actual or constructive knowledge.

ELECTRONICALLY FILED - 2022 Oct 11 6:16 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458

## FOR A SIXTEENTH DEFENSE

82.     Defendants incorporate herein the allegations of their previous defenses which are consistent with this defense.

83.     The Plaintiffs' claims are barred in whole or in part by the doctrines of claim preclusion/res judicata and/or issue preclusion/collateral estoppel.

## FOR A SEVENTEENTH DEFENSE

84.     Defendants incorporate herein the allegations of their previous defenses which are consistent with this defense.

85.     Defendants plead the application of, and protections afforded by, the South Carolina Uniform Limited Liability Company Act of 1996, S.C. Code § 33-44-104, et seq. (2012).

## FOR AN EIGHTEENTH DEFENSE

86.     Defendants incorporate herein the allegations of their previous defenses which are consistent with this defense.

87.     Defendants reserve the right to amend this answer and their affirmative defenses after investigation, discovery and further information is disclosed, including any and all defenses supported by the evidence proffered at trial of this matter.

**WHEREFORE**, having fully answered the Plaintiffs' Complaint, Defendants respectfully request that the Plaintiffs' Complaint be dismissed with costs and reasonable attorneys' fees incurred by Defendants in the defense of this action and for such further and other relief as the court deems just and proper.

Respectfully Submitted,

s/Phillip E. Reeves
Phillip E. Reeves (SC Bar No. 4672)
Deborah Casey Brown (SC Bar No. 7833)
GALLIVAN, WHITE & BOYD, P.A.

ELECTRONICALLY FILED - 2022 Oct 11 6:16 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458

Post Office Box 10589
Greenville, South Carolina 29603
(864) 271-9580
preeves@gwblawfirm.com
dbrown@gwblawfirm.com

Attorneys for Defendants, LuLu's Myrtle Beach,
LLC d/b/a Lucy Buffett's LuLu's; and d/b/a
LuLu's North Myrtle Beach, Lucy Buffett,
individually, George Martin, individually,
Gerald Tipton, individually, Cheryl Coesens,
individually, Vanessa Owens, individually,
Robin Hinton, individually, Douglas "Todd"
Goings, individually, and Tonya Clayton,
individually

Greenville, South Carolina

October 11, 2022

# EXHIBIT D

ELECTRONICALLY FILED - 2022 Dec 20 12:18 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY ) | CASE NO.: 2022-CP-26-05458 |
| ) | |
| Chad Reier, Christopher Craig, Alicia ) | |
| Bazonski, Shenika Anderson, Paris ) | |
| Chapman, Deanna Chavis, ) | |
| ) | |
| PLAINTIFFS, ) | |
| ) | |
| vs. ) | |
| ) | |
| LuLu's Myrtle Beach, LLC d/b/a Lucy ) | |
| Buffett's LuLu's, and d/b/a LuLu's North ) | **MOTION AND CONSENT ORDER TO** |
| Myrtle Beach, Lucy Buffett, individually, ) | **AMEND COMPLAINT** |
| George Martin, individually, Gerald Tipton, ) | |
| individually, Cheryl Coesens, individually, ) | |
| Vanessa Owens, individually, Robin Hinton, ) | |
| individually, Douglas "Todd" Goings, ) | |
| individually, and Tonya Clayton, ) | |
| individually, ) | |
| ) | |
| DEFENDANTS. ) | |

This matter comes before the Court based upon the parties' consent to amend the pleadings

to allow the Plaintiffs to amend their Complaint as to add a cause of action under the Fair Labor

Standards Act.

Now, therefore, it is

ORDERED, ADJUDGED AND DECREED that the pleadings be amended as to add a cause

of action under the Fair Labor Standards Act.

**IT IS SO ORDERED.**

_____
Presiding Judge


December ____, 2022
Myrtle Beach, SC

We so move:

s/*William J. Luse*

William J. Luse, Esq.
S.C. Bar No.: 72790
LAW OFFICE OF WILLIAM J. LUSE, INC.
917 Broadway Street
Myrtle Beach, SC 29577
Phone: 843-839-4795
Fax: 843-839-4815
bill@getlusenow.com

s/*Lisa Poe Davis*

Lisa Poe Davis
S.C. Bar No.: 15251
Gene M. Connell, Jr., Esq.
S.C. Bar No.: 1358
KELAHER CONNELL & CONNOR, P.C
Suite 209, The Courtyard
1500 U.S. Highway 17 North
P.O. Drawer 14547
Surfside Beach, SC 29587-4547
Phone: 843-238-5648
ldavis@classactlaw.net

*Attorneys for Plaintiff*

We so consent:

s/*Phillip E. Reeves*

Phillip E. Reeves
S.C. Bar No.: 4672
Deborah Casey Brown
S.C. Bar No.: 7833
GALLIVAN, WHITE & BOYD, P.A.
P.O. Box 10589
Greenville, SC 29603
Phone: 864-271-9580
preeves@gwblawfirm.com
dbrown@gwblawfirm.com

*Attorneys for Defendants, LuLu's Myrtle Beach, LLC d/b/a Lucy Buffett's LuLu's; and d/b/a LuLu's North Myrtle Beach, Lucy Buffett, individually, George Martin, individually, Gerald Tipton, individually, Cheryl Coesens, individually, Vanessa Owens, individually, Robin Hinton, individually, Douglass "Todd" Goings, individually, and Tonya Clayton, individually.*

ELECTRONICALLY FILED - 2022 Dec 20 12:18 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458

ELECTRONICALLY FILED - 2022 Dec 20 12:18 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458



Horry Common Pleas

**Case Caption:**    Chad Reier , plaintiff, et al VS   LuLus Myrtle Beach LLC , defendant, et al

**Case Number:**    2022CP2605458

**Type:**    Order/Consent Order

IT IS SO ORDERED

s/ The Honorable William H. Seals Jr.  #2157

Electronically signed on 2022-12-20 10:19:49    page 3 of 3

# EXHIBIT E

ELECTRONICALLY FILED - 2022 Dec 22 3:25 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458

STATE OF SOUTH CAROLINA      )      IN THE COURT OF COMMON PLEAS
                         )      FIFTEENTH JUDICIAL CIRCUIT
COUNTY OF HORRY            )      CASE NO.: 2022-CP-26-05458
                         )
Chad Reier, Christopher Craig, Alicia    )
Bazonski, Shenika Anderson, Paris     )
Chapman, Deanna Chavis,         )
                         )
        PLAINTIFFS,           )
                         )
     vs.                       )
                         )
LuLu's Myrtle Beach, LLC d/b/a Lucy    )
Buffett's LuLu's, and d/b/a LuLu's North   )
Myrtle Beach, Lucy Buffett, individually,   )
George Martin, individually, Gerald Tipton, )
individually, Cheryl Coesens, individually,   )
Vanessa Owens, individually, Robin Hinton, )
individually, Douglas "Todd" Goings,     )
individually, and Tonya Clayton,       )
individually,                   )
                         )
        DEFENDANTS.       )
_____ )

**FIRST AMENDED SUMMONS**

**JURY TRIAL DEMANDED**

     YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your answer to the said Complaint on the subscriber or subscribers at their offices: William J. Luse, Esq. located at 917 Broadway Street, Myrtle Beach, SC 29577 and, Lisa Poe Davis, Esq. and Gene M. Connell, Jr. Esq. at Kelaher, Connell & Connor, P.C. located at the Courtyard, Suite 209, 1500 U.S. Highway 17 North, Surfside Beach, South Carolina 29587, within thirty (30) days after the service hereof; exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid; the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint and judgment by default will be rendered against you for the relief demanded in the Complaint.

Respectfully Submitted,

1

ELECTRONICALLY FILED - 2022 Dec 22 3:25 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458

*s/William J. Luse*
William J. Luse, Esq.
S.C. Bar No.: 72790
LAW OFFICE OF WILLIAM J. LUSE, INC.
917 Broadway Street
Myrtle Beach, SC 29577
Phone: 843-839-4795
Fax: 843-839-4815
bill@getlusenow.com

*s/Lisa Poe Davis*
Lisa Poe Davis
S.C. Bar No.: 15251
Gene M. Connell, Jr., Esq.
S.C. Bar No.: 1358
KELAHER, CONNELL & CONNOR, P.C
Suite 209, The Courtyard
1500 U.S. Highway 17 North
P.O. Drawer 14547
Surfside Beach, SC 29587-4547
Phone: 843-238-5648
ldavis@classactlaw.net
*Attorneys for Plaintiffs*

December 22, 2022
Myrtle Beach, SC

ELECTRONICALLY FILED - 2022 Dec 22 3:25 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY | ) | CASE NO.: 2022-CP-26-05458 |
| | ) | |
| Chad Reier, Christopher Craig, Alicia | ) | |
| Bazonski, Shenika Anderson, Paris | ) | |
| Chapman, Deanna Chavis, | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LuLu's Myrtle Beach, LLC d/b/a Lucy | ) | **FIRST AMENDED COMPLAINT** |
| Buffett's LuLu's, and d/b/a LuLu's North | ) | |
| Myrtle Beach, Lucy Buffett, individually, | ) | |
| George Martin, individually, Gerald Tipton, | ) | **JURY TRIAL DEMANDED** |
| individually, Cheryl Coesens, individually, | ) | |
| Vanessa Owens, individually, Robin Hinton, | ) | |
| individually, Douglas "Todd" Goings, | ) | |
| individually, and Tonya Clayton, | ) | |
| individually, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Plaintiffs, Chad Reier, Christopher Craig, Alicia Bazonski, Shenika Anderson, Paris Chapman and Deanna Chavis complaining of the acts of Defendants Lulu's Myrtle Beach, LLC d/b/a Lucy Buffett's Lulu's, and d/b/a Lulu's North Myrtle Beach, ("Lulu's"); Lucy Buffett, individually, George Martin individually, Gerald Tipton, individually, Cheryl Coesens, individually Vanessa Owens, individually Robin Hinton, individually, Douglas "Todd" Goings, individually and Tonya Clayton, individually, (Lulu's Myrtle Beach, LLC d/b/a Lucy Buffett's Lulu's, and d/b/a Lulu's North Myrtle Beach, Lucy Buffett, George Martin, Gerald Tipton, Cheryl Coesens, Vanessa Owens, Robin Hinton, Douglas "Todd" Goings, and Tonya Clayton, collectively "Defendants") allege as follows:

ELECTRONICALLY FILED - 2022 Dec 22 3:25 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458

## NATURE OF CLAIM

1.    This action is brought as an action for payment of wages and for other relief under the South Carolina Payment of Wages Act, South Carolina Code Ann. § 41-10-10, et. seq. ("SCPWA").

2.    This action is also brought as an action for actual damages, liquidated damages, attorney's fees and costs, and for other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et. seq. ("FLSA").

## PARTIES, JURISDICTION, and VENUE

3.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if they were set forth herein verbatim.

4.    Plaintiff Chad Reier is currently a resident of Norwood, North Carolina. At all times complained of herein, Reier was an employee of the Defendants as defined by SCPWA and/or the FLSA. All actions giving rise to this lawsuit occurred in Horry County, South Carolina and are within the jurisdiction of this Honorable Court.

5.    Plaintiff Christopher Craig is a citizen and resident of Horry County, South Carolina. At all times complained of herein, Craig was an employee of the Defendants as defined by SCPWA and/or the FLSA.

6.    Plaintiff Alicia Bazonski is currently a citizen of Ararat, North Carolina. At all times complained of herein, Bazonski was an employee of the Defendants as defined by SCPWA and/or the FLSA. All actions giving rise to this lawsuit occurred in Horry County, South Carolina and are within the jurisdiction of this Honorable Court.

ELECTRONICALLY FILED - 2022 Dec 22 3:25 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458

7.    Plaintiff Shenika Anderson is a citizen and resident of Horry County, South Carolina. At all times complained of herein, Anderson was an employee of the Defendants as defined by SCPWA and/or the FLSA.

8.    Plaintiff Paris Chapman is a citizen and resident of Horry County, South Carolina. At all times complained of herein, Chapman was an employee of the Defendants as defined by SCPWA and/or the FLSA.

9.    Plaintiff Deanna Chavis is a citizen and resident of Horry County, South Carolina. At all times complained of herein, Chavis was an employee of the Defendants as defined by SCPWA and/or the FLSA.

10.    Lulu's Myrtle Beach, LLC is a South Carolina limited liability company organized and existing pursuant to the laws of the State of South Carolina and maintaining offices and agents in Horry County, South Carolina. Lulu's Myrtle Beach, LLC is an employer of individuals and operates a restaurant and bar in Horry County, South Carolina, doing business as Lucy Buffett's Lulu's and/or doing business as Lulu's North Myrtle Beach. Further, at all times complained of herein Lulu's was the employer of the Plaintiff as defined by SCPWA and/or the FLSA.

11.    Upon information and belief, Lucy Buffett is a citizen and resident of one of the states of the United States and is an owner and/or member and/or agent, and/or officer of Lulu's Myrtle Beach, LLC. Further, at all times complained of herein Lucy Buffett was the employer of the Plaintiffs as defined by SCPWA and/or the FLSA.

12.    Upon information and belief, George Martin is a citizen and resident of one of the states of the United States and is an owner and/or member and/or agent, and/or officer of Lulu's Myrtle Beach, LLC. Further, at all times complained of herein George Martin was the employer of the Plaintiffs as defined by SCPWA and/or the FLSA.

ELECTRONICALLY FILED - 2022 Dec 22 3:25 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458

13.    Upon information and belief, Gerald Tipton is a citizen and resident of one of the states of the United States and is an owner and/or member and/or agent, and/or officer of Lulu's Myrtle Beach, LLC. Further, at all times complained of herein Gerald Tipton was the employer of the Plaintiffs as defined by the SCPWA and/or the FLSA.

14.    Upon information and belief, Cheryl Coesens is a citizen and resident of Horry County, South Carolina, and is the general manager of Lulu's Myrtle Beach, LLC, or otherwise is an agent of Lulu's.

15.    Upon information and belief, Vanessa Owens is a citizen and resident of Horry County, South Carolina, and was the general manager of Lulu's Myrtle Beach, LLC during certain periods during the times complained of herein, or otherwise was an agent of Lulu's.

16.    Upon information and belief, Robin Hinton is a citizen and resident of Horry County, South Carolina, and was the general manager of Lulu's Myrtle Beach, LLC during certain periods during the times complained of herein, or otherwise was an agent of Lulu's.

17.    Upon information and belief, Douglas "Todd" Goings is a citizen and resident of Horry County, South Carolina and was the general manager of Lulu's Myrtle Beach, LLC during certain periods during the times complained of herein, or otherwise was an agent of Lulu's.

18.    Upon information and belief, Tonya Clayton, is a citizen and resident of Horry County, South Carolina and was the general manager of Lulu's Myrtle Beach, LLC during certain periods during the times complained of herein, or otherwise was an agent of Lulu's.

19.    The events giving rise to this claim occurred primarily in Horry County, South Carolina and, therefore, this Court has jurisdiction over the parties and subject matter.

20.    The work and pay records, including the "tip-out" reports, of Plaintiffs, are in the possession, custody, and/or control of Defendants, and Defendants are under a duty, pursuant to

ELECTRONICALLY FILED - 2022 Dec 22 3:25 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458

state law, to maintain and preserve such payroll and other employment records from which the amount of Defendants' liability can be ascertained. Plaintiffs request an order of this Court requiring Defendants to preserve such records during the pendency of this action.

21.    The work and pay records, including the "tip-out" reports, of Plaintiffs are in the possession, custody and/or control of the Defendants, and Defendants are under a duty, pursuant to § 11(c) of the FLSA, 29 U.S.C § 211(c), and the regulations of the United States Department of Labor, to maintain and preserve such payroll and other employment records from which the amount of Defendants' liability can be ascertained. Plaintiffs request an order of this Court requiring Defendants to preserve such records during the pendency of this action.

22.    Plaintiffs are informed and believe that the Defendants have policies and/or procedures whereby servers, server captains, bartenders and/or food runners are paid less than required under the SCPWA and/or the FLSA by the Defendants use of an unlawful tip credit scheme and an unlawful tip pooling scheme in violation of the SCPWA and/or the FLSA. In addition, Defendants did not pay Plaintiffs and/or other servers, server captains, bartenders, and food runners the lawful rate of wages due as provided under the SCPWA and/or the FLSA.

23.    Based on the above, jurisdiction and venue are proper in this court.

<u>FACTS</u>

24.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if they were set forth herein verbatim.

25.    Plaintiff Chad Reier was employed by "Lulu's" from approximately May of 2018 through May of 2019 as a bartender and as a supervisor from on or about June of 2019 through August of 2019.

ELECTRONICALLY FILED - 2022 Dec 22 3:25 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458

26.    Plaintiff Christopher Craig was employed by "Lulu's" from approximately April of 2021 through on or about August of 2021 as a server.

27.    Plaintiff Alicia Bazonski was employed by "Lulu's" during the summer season in 2020, 2021 and 2022 as a server.

28.    Plaintiff Shenika Anderson was employed by "Lulu's from approximately May of 2019 through on or about July of 2020 as a server.

29.    Plaintiff Paris Chapman was employed by "Lulu's" from approximately May of 2018 through on or about March of 2022 as a server, server captain, Front of the House Manager and Supervisor.

30.    Plaintiff Deanna Chavis was employed by "Lulu's" from approximately March of 2019 through on or about September of 2020 as a server.

31.    Defendants paid Plaintiffs, and on information other servers and server captains of "Lulu's" a direct, or hourly, wage that violated the SCPWA by wrongfully taking a "Tip Credit" while requiring Plaintiffs and/or other servers and server captains to perform non-tip producing duties in excess of that allowed by law.

32.    Defendants paid Plaintiffs, and on information and belief other servers, server captains, and bartenders of "LuLu's", a direct or hourly wage less than the statutory minimum wage by taking the "Tip Credit" under the FLSA 29 U.S.C. § 203(m).

33.    Plaintiffs, and/or other servers, bartenders, and server captains, would often work overtime for the Defendants particularly during the busy season which ran from early May until Labor Day weekend. Defendants violated the SCPWA and/or the FLSA when they did not pay Plaintiffs, and/or other servers and server captains who worked at "Lulu's" the lawful wages due.

ELECTRONICALLY FILED - 2022 Dec 22 3:25 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458

34.    Defendants had a policy that required Plaintiffs, and on information and belief, all servers, server captains, and bartenders to remit, from the tips they received a portion of their tips at the end of each shift into the mandatory Tip Pool.

35.    Defendants had a policy that required Plaintiffs, and on information and belief, all servers, server captains, and bartenders to remit, from the tips they received a portion of their tips at the end of each shift to supervisors, managers, and/or the "house."

36.    Defendants had a policy that required Plaintiffs, and on information and belief, all servers, crew captains, lead servers, food runners, bar-backs, and bartenders, to perform non tip producing work, including, but not limited to, working in "Lulu's" kitchen or performing non tip producing duties such as deep cleaning while paying Plaintiffs and/or other servers, crew captains and bartenders of "Lulu's" at a rate that violated the SCPWA and/or the FLSA.

37.    Defendants had a policy that required Plaintiffs, and on information and belief all bartenders, crew captain, servers, and lead servers to purchase "Lulu's" T-shirts from the Defendants despite the Defendants taking a Tip Credit and paying the Plaintiffs less than the lawful rate under the SCPWA and/or the FLSA for their work.

## FOR A FIRST CAUSE OF ACTION
### (VIOLTION OF THE SOUTH CAROLINA PAYMENT OF WAGES ACT)

38.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if they were set forth herein verbatim.

39.    Each Defendant is an "employer" as defined by the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10(1).

40.    Defendants employed Plaintiffs and/or other bartenders, crew captains and servers within the State of South Carolina.

ELECTRONICALLY FILED - 2022 Dec 22 3:25 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458

41.    Plaintiffs worked for Defendants with the clear understanding and agreement with Defendants that their compensation would be consistent with all applicable laws, including state wage laws.

42.    Plaintiffs had an employment agreement with Defendants whereby they would be paid wages for all hours he worked.

43.    SCPWA § 41-10-10(2) defines wages as "all amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis, or other method of calculating the amount and includes vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract."

44.    Money received by Plaintiffs as tips were "wages" as defined by SCPWA, § 41-10-10(2).

45.    Pursuant to SCPWA § 41-10-40(c) an employer shall not withhold or divert any portion of the employee's wages unless the employer is required or permitted to do so by state law.

46.    Defendants illegally deducted amounts from the wages of Plaintiffs and upon information and belief, all other servers, crew captains, lead servers and bartenders in violation of the SCPWA.

47.    Defendants owe Plaintiffs and/or other bartenders, crew captains, lead servers and servers who worked at "Lulu's" the tips that were illegally deducted from their wages.

48.    Defendants owe Plaintiffs and/or other bartenders, crew captains, lead servers and servers who worked at "Lulu's" at least the minimum lawful amount as provided under the SCPWA for all hours that they worked.

49.    Plaintiffs, and upon information and belief other bartenders, crew captains, lead servers and servers were not paid all wages due by Defendants as required by 40-10-40(D).

50.    Plaintiffs, and upon information and belief, other bartenders, crew captains, lead servers and servers were not paid all wages due because Plaintiffs were not paid properly under the

ELECTRONICALLY FILED - 2022 Dec 22 3:25 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458

SCPWA, and because Plaintiffs and or other employees incurred expenses for the benefit of the Defendants, and they had improper deductions taken from their wages and tips.

51.     Defendants owe Plaintiffs and/or other servers, crew captains, lead servers, bussers, bar-backs and bartenders of "Lulu's" for any amounts charged to them for the purchase of T-shirts or aprons.

52.     Defendants' actions were willful, and Defendants have no good faith reason why they took these actions.

53.     Pursuant to S.C. Code § 41-10-80(c), Plaintiffs and/or other servers, crew captains, lead servers and bartenders who worked at "Lulu's are entitled to recover in this action an amount equal to three times the full amount of their deducted wages, as outlined above, plus costs and reasonable attorneys' fees.

**FOR A SECOND CAUSE OF ACTION**
**(VIOLATION OF FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 203(M), 206)**

54.     Plaintiffs re-allege each and every allegation contained in the above paragraphs as if repeated here verbatim.

55.     At all times relevant to this Complaint, Defendants engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(r) AND 203(s).

56.     The business of Defendants was and is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1) and, as such, Defendants are subject to, and covered by, the FLSA.

57.     The FLSA, 29 U.S.C. § 206, requires employers to pay its nonexempt employees a minimum wage of Seven and 25/100 dollars ($7.25) an hour.

58.     The FLSA, 29 U.S.C. § 203(m), provides an exception allowing certain employers to take a "Tip Credit" and pay less than the statutory minimum wage to tipped employees, on the condition

ELECTRONICALLY FILED - 2022 Dec 22 3:25 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458

that any pooling, or sharing, of tips is shared only with other employees who customarily receive tips.

59.    The FLSA, 29 U.S.C. § 203(m), provides an exception allowing certain employers to take a "Tip Credit" and pay less than the statutory minimum wage to tipped employees, provided the employees are doing tip producing work and not kitchen work and/or deep cleaning duties.

60.    The FLSA requires employers to pay hourly employees who work over forty (40) hours in a week at overtime rates of 1 ½ times their normal hourly rate or no lower than the prevailing minimum wages at time and a half for overtime work. ($7.25 at time and a half equals $10.88).

61.    Plaintiffs, and upon information and belief other servers, server captains and bartenders, were not properly paid for their overtime hours of work for the Defendants.

62.    Plaintiffs, and upon information and belief other servers, server captains and bartenders, were required by Defendants to pool, or share, their tips with employees, who are not employees who customarily and regularly receive tips, and therefore the Tip Pool is invalidated.

63.    Plaintiffs, and upon information and belief other servers, server captains and bartenders, were required by Defendants to perform non-server activities such as deep cleaning for hours each shift while the Defendants continued to take a "Tip Credit" for Plaintiffs' and other servers' non-tip-producing and non-server work and therefore the "Tip Credit" is invalidated.

64.    When the Tip Pool and Tip Credit is invalidated, the employer can no longer enjoy the benefits to the Tip Credit provision, 29 U.S.C. § 203(m).

65.    Defendants have violated the Tip Pool and Tip Credit under the FLSA, 29 U.S.C. § 203(m) 206, in reckless disregard of the rights of Plaintiffs who worked for the Defendants.

66.    As such, Plaintiffs are entitled to recover actual damages, liquidated damages, and attorney's fees and costs of this action.

ELECTRONICALLY FILED - 2022 Dec 22 3:25 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458

WHEREFORE, having fully set forth their allegations against Defendants, Plaintiffs respectfully request that the Court enter judgment for the following relief:

a.   An order stating Defendants violated the FLSA;

b.   An order prohibiting Defendants from violating the FLSA, particularly the Tip Credit, in the future;

c.   An award of actual and liquidated damages and other relief as provided under the FLSA;

d.   Actual damages in the amount of wages due under SCPWA;

e.   Treble damages pursuant to SCPWA;

f.   Reasonable attorney's fees and costs;

g.   Injunctive relief ordering Defendants to amend their wage and hour policies to comply with applicable federal and state laws;

h.   Any and all other damages available under the SCPWA and/or the FLSA; and

i.   Such further relief as the Court deems just and proper.

Plaintiffs request a jury trial.

Respectfully Submitted,

*s/William J. Luse*
William J. Luse, Esq.
S.C. Bar No.: 72790
LAW OFFICE OF WILLIAM J. LUSE, INC.
917 Broadway Street
Myrtle Beach, SC 29577
Phone: 843-839-4795
bill@getlusenow.com

December 22, 2022
Myrtle Beach, SC

*s/Lisa Poe Davis*

Lisa Poe Davis
S.C. Bar No.: 15251
Gene M. Connell, Jr., Esq.
S.C. Bar No.: 1358
KELAHER, CONNELL & CONNOR, P.C
Suite 209, The Courtyard
1500 U.S. Highway 17 North
P.O. Drawer 14547
Surfside Beach, SC 29587-4547
Phone: 843-238-5648
ldavis@classactlaw.net
*Attorneys for Plaintiffs*

ELECTRONICALLY FILED - 2022 Dec 22 3:25 PM - HORRY - COMMON PLEAS - CASE#2022CP2605458