# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Chad Reier, Christopher Craig, Alicia Bazonski, Shenika Anderson, Paris Chapman, Deanna Chavis,<br><br>     Plaintiffs,<br><br>    vs.<br><br>LuLu's Myrtle Beach, LLC d/b/a Lucy Buffett's LuLu's; and d/b/a LuLu's North Myrtle Beach, Lucy Buffett, individually, George Martin, individually, Gerald Tipton, individually, Cheryl Coesens, individually, Vanessa Owens, individually, Robin Hinton, individually, Douglas "Todd" Goings, individually, and Tonya Clayton, individually,<br><br>     Defendants. | **DEFENDANTS' ANSWERS TO LOCAL RULE 26.01 INTERROGATORIES**<br><br>C.A. No.: _____ |

The defendants, LuLu's Myrtle Beach, LLC d/b/a Lucy Buffett's LuLu's and d/b/a LuLu's North Myrtle Beach, Lucy Buffett, individually, George Martin, individually, Gerald Tipton, individually, Chery Coesens, individually, Vanessa Owens, individually, Robin Hinton, individually, Douglas "Todd" Goins, individually, and Tonya Clayton, individually (hereinafter referred to as "Defendants"), submit the following answers to the Court's interrogatories pursuant to Rule 26.01 of the Local Rules of the United States District Court for the District of South Carolina.

(A) State the full name, address and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of said interest.

**ANSWER: At this time, Defendants are not aware of any person or entity not a party to this action who may have a subrogation interest in the claims at issue.**

(B)     As to each claim, state whether it should be tried jury or non-jury and why.

**ANSWER:     Defendants assert that to the extent the plaintiffs' claims involve determinations of fact, those issues should be tried by a jury.**

(C)     State whether the party submitting these responses is a publicly owned company and separately identify: (1) each publicly owned company of which it is a parent, subsidiary, partner, or affiliate; (2) each publicly-owned company which owns ten percent or more of the outstanding shares or other indicia of ownership of the party; and (3) each publicly owned company in which the party owns ten percent or more of the outstanding shares.

**ANSWER:     None of the defendants are public companies.**

(D)     State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division).

**ANSWER:     This action was removed to the division which includes the county in which the claim at issue in the action was originally filed.**

(E)     Is this action related in whole or in part to any other matter filed in this District? If so, provide: (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action. Counsel should disclose any cases which may be related regardless of whether they are still pending. Whether cases are related such that they should be assigned to a single judge will be determined by the Clerk of Court based on a determination of whether the cases: arise from the same or identical transactions, happenings or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges**.**

**ANSWER:     A related case, "Katie Burdick, William Saunders, and Scott Shiner, on behalf of themselves and all others similarly situated vs. LuLu's Myrtle Beach, LLC d/b/a Lucy**

**Buffett's LuLu's; and d/b/a LuLu's North Myrtle Beach, Lucy Buffett, individually, George Martin, individually, Gerald Tipton, individually, Cheryl Coesens, individually, Vanessa Owens, individually, Robin Hinton, individually, Douglas "Todd" Goings, individually, and Tonya Clayton, individually" was removed to this court on December 30, 2022.**

(F)     If the Defendants are improperly identified, give the proper identification and state whether counsel will accept service of an amended summons and pleading reflecting the correct identification.

**ANSWER:     The defendants are correctly identified in the First Amended Summons and Complaint.**

(G)     If you contend that some other person or legal entity is, in whole or in part, liable to you or the party asserting a claim against you in this matter, identify such person or entity and describe the basis of said liability.

**ANSWER:     The defendants are not aware of any such person or legal entity.**

(H)     In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, name – and identify the citizenship of – every individual or entity whose citizenship is attributed to that party or intervenor.  This response must be supplemented when any later event occurs that could affect the court's jurisdiction under § 1332(a).

**ANSWER:     Jurisdiction in this case is not based on diversity under 28 U.S.C. § 1332(a).**

                                    s/Phillip E. Reeves
                                    Phillip E. Reeves (Fed. ID No. 3232)
Deborah Casey Brown (Fed. ID No. 1507)
GALLIVAN, WHITE & BOYD, P.A.
Post Office Box 10589
Greenville, South Carolina 29603
(864) 271-9580
preeves@gwblawfirm.com
dbrown@gwblawfirm.com

Attorneys for Defendants, LuLu's Myrtle Beach, LLC d/b/a Lucy Buffett's LuLu's; and d/b/a LuLu's North Myrtle Beach, Lucy Buffett, individually, George Martin, individually, Gerald Tipton, individually, Cheryl Coesens, individually, Vanessa Owens, individually, Robin Hinton, individually, Douglas "Todd" Goings, individually, and Tonya Clayton, individually

Greenville, South Carolina

January 6, 2023